IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:04-CR-75-D
WESTERN DIVISION
No. 5:13-HC-2038-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARTEZ LAMONT SHERROD, | ) | |
| | ) | |
| Defendant. | ) | |

Martez Lamont Sherrod moves for a writ of coram nobis [D.E. 151], for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) [D.E. 154, 160], for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 156], and to appoint counsel [D.E. 154].[1] The government has responded in opposition to relief under section 3582(c)(2) [D.E. 164]. Because Sherrod is now represented by counsel, see [D.E. 153, 159], the court dismisses as moot his motion to appoint counsel. As explained below, the court denies Sherrod's motions for a writ of coram nobis and for a sentence reduction under section 3582(c)(2), and directs counsel to provide more information concerning Sherrod's motion under 28 U.S.C. § 2241.

On June 8, 2005, a jury found Sherrod guilty of three drug-trafficking crimes: conspiring to possess with intent to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one); possessing with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (count two); and

---

[1] Sherrod filed a pro se section 3582 motion on January 9, 2012 [D.E. 154]. Since then, the Federal Public Defender has entered an appearance, see [D.E. 159], and filed an amended section 3582 motion on Sherrod's behalf [D.E. 60].

possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (count three). See [D.E. 1, 86]. On counts one and two, Sherrod was subject to mandatory life imprisonment because he had two or more prior felony drug convictions. See 21 U.S.C. § 841(b)(1)(A) (2005); Gov't Notice of Intent to Seek Enhanced Penalty [D.E. 38]. On October 12, 2005, this court sentenced Sherrod to life imprisonment on counts one and two, as required by statute, and to 360 months on count three, all to run concurrently [D.E. 94]. Sherrod appealed, and argued that the evidence at trial was insufficient to support his convictions and that his sentence was unconstitutionally enhanced because he refused to plead guilty. The United States Court of Appeals for the Fourth Circuit rejected his arguments and affirmed his conviction and sentence. See United States v. Sherrod, 214 F. App'x 306 (4th Cir. 2007) (per curiam) (unpublished).

On July 9, 2008, Sherrod moved to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 [D.E. 108, 109]. Sherrod argued that his trial counsel was ineffective for (1) failing to challenge Sherrod's life sentence under the Equal Protection Clause based on the disparity between the treatment of crack cocaine and powder cocaine; and (2) failing to challenge the government's case based on selective prosecution. See [D.E. 109] 1–31. Sherrod also argued that his mandatory life sentence violated the Eighth Amendment, id. at 32–35, and that one juror possibly was biased. See [D.E. 129, 130]. Sherrod did not raise any challenge to United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2006), overruled, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), or Harp's applicability to his section 851 enhancement. Cf. United States v. Pruitt, 545 F.3d 416, 421–24 (6th Cir. 2008) (calling Harp into doubt based on United States v. Rodriquez, 553 U.S. 377 (2008)). The government responded in opposition [D.E. 124, 125], and included an affidavit from Sherrod's trial counsel. See [D.E. 125-2, 125-3]. On April 13, 2010, this court denied the section 2255 motion [D.E. 133]. On March 7, 2011, the Fourth Circuit denied a

2

certificate of appealability and dismissed his appeal. See United States v. Sherrod, 415 F. App'x 452 (4th Cir. 2011) (per curiam) (unpublished).

First, the court addresses Sherrod's motion for a writ of coram nobis. See [D.E. 151]. "As a remedy of last resort, the writ of error coram nobis is granted only where an error is of the most fundamental character and there exists no other available remedy." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quotation omitted). Traditionally, coram nobis is available only to those petitioners no longer in custody for purposes of 28 U.S.C. § 2255. See Carlisle v. United States, 517 U.S. 416, 428–29 (1996); In re Evans, 478 F. App'x 760, 760–61 (4th Cir. 2012) (per curiam) (unpublished); United States v. Rhines, 640 F.3d 69, 71 (3d Cir. 2011) (per curiam). Sherrod remains in federal custody; therefore, he cannot rely on coram nobis to circumvent the requirements for filing a successive section 2255 motion. See, e.g., Carlisle, 517 U.S. at 428–29; United States v. Howze, 521 F. App'x 164, 165 (4th Cir. 2013) (per curiam) (unpublished); Evans, 478 F. App'x at 760–61. Thus, the court denies Sherrod's motion for a writ of coram nobis.

Next, the court next addresses Sherrod's motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) [D.E. 154, 160]. Section 3582(c)(2) authorizes the court to modify the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Sherrod argues that the Fair Sentencing Act of 2010 ("FSA") and Amendments 750 and 759 to the Sentencing Guidelines have made him eligible for a sentence reduction on counts one and two (i.e., the crack offenses).

Under the Sentencing Guidelines, the quantity of drugs involved in an offense generally determines the base offense level. See U.S.S.G. § 2D1.1(c). The drug weight required to incur a given base offense level is different for different drugs. See id. In developing the Guidelines, the U.S. Sentencing Commission primarily relies on Congress's judgment, as expressed in 21 U.S.C.

3

§ 841(b), as to what quantities of various drugs should be treated as equivalent for sentencing purposes. See U.S.S.G. § 2D1.1 cmt. n.8(A) ("The Commission has used the sentences provided in, and equivalencies derived from [21 U.S.C. § 841(b)] as the primary basis for the guideline sentences.").

In 2010, Congress amended 21 U.S.C. § 841(b) so that 1 ounce of crack cocaine is now treated as equivalent to 18 ounces of powder cocaine, rather than 100 ounces of powder cocaine. See Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"). The FSA became effective on August 3, 2010. See id. In response to the FSA, the Sentencing Commission promulgated Amendment 750, which changed the Sentencing Guidelines to comport with the new 18-to-1 ratio, and Amendment 759, which made that change apply retroactively. See United States Sentencing Commission, Guidelines Manual, App. C, Amends. 750, 759 (Nov. 2011) (effective Nov. 1, 2011).

Amendments 750 and 759 do not help Sherrod under section 3582. "[A] defendant whose offense of conviction involved crack is eligible for a reduced sentence only if Amendment [750] lowers the defendant's applicable guideline range." United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010). In particular, "a defendant who was convicted of a crack offense but sentenced pursuant to a mandatory statutory minimum is ineligible for a reduction under [section] 3582(c)(2)." Id.; see also United States v. Black, 737 F.3d 280, 286 (4th Cir. 2013). Sherrod was sentenced on counts one and two pursuant to a mandatory statutory minimum of life imprisonment, not the guidelines affected by Amendments 750 and 759. Thus, those amendments do not qualify him for a reduced sentence on counts one and two.

Likewise, the FSA's more lenient statutory penalties also do not help Sherrod under section 3582. The FSA "applies retroactively only to 'offenders whose crimes preceded August 3, 2010, but

4

who are sentenced after that date.'" United States v. Mouzone, 687 F.3d 207, 222 (4th Cir. 2012) (quoting Dorsey v. United States, 132 S. Ct. 2321, 2331 (2012)). For offenders sentenced before August 3, 2010 (the FSA's effective date), the FSA does not apply, even in a section 3582 proceeding. See, e.g., Black, 737 F.3d at 287. Sherrod was sentenced on October 12, 2005, before the FSA became effective. Thus, the FSA does not apply to Sherrod, and the court denies his motion for a reduction in his sentence.

Finally, the court addresses Sherrod's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 156]. Sherrod argues that, after United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the two North Carolina "felony drug offense[s]" that triggered his mandatory life sentence on counts one and two and the enhanced penalties under count three are no longer considered felonies under federal law. See 21 U.S.C. §§ 841(b)(1)(A), 851; [D.E. 38]; see also 21 U.S.C. § 802(44)(defining "felony drug offense" as a drug offense "that is punishable by imprisonment for more than one year" under any federal or state law); Burgess v. United States, 553 U.S. 124, 127 (2008). Based on the government's section 851 notice [D.E. 38], paragraphs 18 and 19 of the Presentence Investigation Report, and Sherrod's submissions [D.E. 151-7, 151-8], Sherrod appears to be correct. In his section 2241 petition, Sherrod asks the court to "vacate his sentence, and resentence him in accordance with the correct interpretation of the meaning of a felony." Mem. Supp. Writ of Habeas Corpus [D.E. 156-1] 4; see Miller v. United States, 735 F.3d 141, 144–47 (4th Cir. 2013); Simmons, 649 F.3d at 244–50; see also Snead v. United States, No. 3:12-cv-125-GCM, 2013 WL 6850115, at *1–4 (W.D.N.C. Dec. 30, 2013) (unpublished); Henderson v. United States, No. 5:11-cv-147-RLV, 2013 WL 6709729, at *2–4 (W.D.N.C. Dec. 18, 2013) (unpublished); Lattimore v. United States, No. 5:12-cv-128-RLV, 2013 WL 6246378, at *2–4 (W.D.N.C. Dec. 3, 2013) (unpublished); cf. United States v. Powell, 691 F.3d 554, 557–60 (4th Cir. 2012).

5

A federal prisoner may use section 2241 only if a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255(e); see, e.g., Rice v. Rivera, 617 F.3d 802, 806–08 (4th Cir. 2010) (per curiam); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194–98 (4th Cir. 1997) (en banc). Sherrod already filed one section 2255 motion, which this court denied [D.E. 133] and the Fourth Circuit declined to review. See Sherrod, 415 F. App'x at 453. Absent authorization from the Fourth Circuit, this court lacks jurisdiction to consider another section 2255 motion from Sherrod. See 28 U.S.C. §§ 2244, 2255(h); Felker v. Turpin, 518 U.S. 651, 657 (1996); Farrow v. Revell, No. 13-6804, 2013 WL 5546155, at *1 (4th Cir. Oct. 9, 2013) (per curiam) (unpublished); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Moreover, Sherrod must seek relief under section 2241 in the United States District Court for the district in which he is in custody, and he must name the warden as respondent. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 434–43 (2004); Wales v. Whitney, 114 U.S. 564, 570–74 (1885); United States v. Poole, 531 F.3d 263, 264–71 (4th Cir. 2008).

According to Sherrod's section 2241 petition, he is in custody at USP Hazelton, in the Northern District of West Virginia. See [D.E. 156] 2. According to the Federal Bureau of Prisons Inmate Locator, Sherrod is in custody at FCI Edgefield, in the District of South Carolina. See Bureau of Prisons, Inmate Locator, http:www.bop.gov/Locate (last visited Jan. 23, 2014). The court directs Sherrod's counsel to notify the court by January 30, 2014, of where Sherrod is incarcerated. After receiving such notification, the court will transfer Sherrod's section 2241 petition to the proper district. See 28 U.S.C. § 2241(b). In doing so, the court makes no ruling on the jurisdiction of the transferee court under Fourth Circuit precedent to consider the section 2241 petition, see Rice, 617 F.3d at 806–07, or on the viability under Fourth Circuit precedent of Sherrod's attempt to use the

6

savings clause in 28 U.S.C. § 2255(e) and section 2241 to attack his sentence, as opposed to his conviction. Compare Farrow, 2013 WL 5546155, at *1–2 and Poole, 531 F.3d at 267–71 and In re Jones, 226 F.3d at 333–34 and In re Vial, 115 F.3d at 1198; with Bryant v. Warden, FCC Coleman Medium, No. 12-11212, 2013 WL 6768086, at *5–19 (11th Cir. Dec. 24. 2013); see generally Jennifer L. Case, Kaleidoscopic Chaos: Understanding the Circuit Courts' Various Interpretations of § 2255's Savings Clause (Jan. 7, 2014 draft), available at http://ssrn.com/abstract=2375960. The transferee court must decide these issues.

In sum, the court DISMISSES as moot Sherrod's motion to appoint counsel [D.E. 154], and DENIES Sherrod's motions for a writ of coram nobis [D.E. 151] and for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [D.E. 154, 160]. The court DIRECTS Sherrod's counsel to notify the court by January 30, 2014, of where Sherrod is incarcerated. Sherrod must seeks relief under 28 U.S.C. § 2241 in the United States District Court for the district in which he is in custody and name the warden as respondent. The court will transfer Sherrod's section 2241 petition once it learns where Sherrod is in custody. See 28 U.S.C. § 2241(b).

SO ORDERED. This **23** day of January 2014.

JAMES C. DEVER III
Chief United States District Judge