IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:04-CR-75-D
WESTERN DIVISION
No. 5:13-HC-2038-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARTEZ LAMONT SHERROD, | ) | |
| | ) | |
| Defendant. | ) | |

On February 4, 2013, Martez Lamont Sherrod ("Sherrod") filed a petition under 28 U.S.C. § 2241 challenging his mandatory life sentence. See [D.E. 156]. Sherrod relies on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). See id. 9. On January 27, 2014, after learning that Sherrod is in federal custody in South Carolina, this court transferred Sherrod's section 2241 petition to the United States District Court of South Carolina. See [D.E. 173]. On February 6, 2014, Sherrod moved for reconsideration regarding the transfer. See [D.E. 180]. To date, no substantive proceedings have occurred in South Carolina.

The court held Sherrod's motion for reconsideration in abeyance pending the Fourth Circuit's decision in United States v. Surratt, 797 F.3d 240 (4th Cir. 2015). See [D.E. 196]. Because the parties consent to venue in this district, see [D.E. 201], and no substantive proceedings have taken place in the District of South Carolina, the court grants the motion for reconsideration concerning the transfer and reverses its decision to transfer the case to the District Court of South Carolina. Nonetheless, because Surratt is materially indistinguishable, the court dismisses Sherrod's section 2241 petition for lack of subject-matter jurisdiction.

I.

On June 8, 2005, a jury found Sherrod guilty of three drug-trafficking crimes: conspiracy to possess with intent to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1) (count one); possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (count two); and, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (count three). See [D.E. 1, 86]. On counts one and two, Sherrod was subject to mandatory life imprisonment because he had two or more prior felony drug convictions. See 21 U.S.C. §§ 841(b)(1)(A), 851 (2005); Gov't Notice of Intent to Seek Enhanced Penalty [D.E. 38].

On October 12, 2005, this court sentenced Sherrod to life imprisonment on counts one and two, as required by statute, and to 360 months' imprisonment on count three, all to run concurrently [D.E. 94, 95]. Sherrod appealed. See [D.E. 96]. On appeal, Sherrod argued that the evidence at trial was insufficient to support his convictions and that his sentence was unconstitutionally enhanced because he refused to plead guilty. The United States Court of Appeals for the Fourth Circuit rejected his arguments and affirmed his conviction and sentence. See United States v. Sherrod, 214 F. App'x 306 (4th Cir. 2007) (per curiam) (unpublished).

On July 9, 2008, Sherrod moved to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. See [D.E. 108, 109]. Sherrod argued that his trial counsel was ineffective for (1) failing to challenge Sherrod's life sentence under the Equal Protection Clause based on the disparity between the treatment of crack cocaine and powder cocaine; and (2) failing to challenge the government's case based on selective prosecution. See [D.E. 109] 1–31. Sherrod also argued that his mandatory life sentence violated the Eighth Amendment, id. at 32–35, and that one juror possibly was biased. See id. 37–38; see also [D.E. 129, 130]. Sherrod did not challenge

2

his two felony drug convictions under United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2006), overruled, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), or question Harp's applicability to his section 851 enhancement. Cf. United States v. Pruitt, 545 F.3d 416, 421–24 (6th Cir. 2008) (calling Harp into doubt based on United States v. Rodriquez, 553 U.S. 377 (2008)). The government responded in opposition to Sherrod's section 2255 motion [D.E. 124, 125], and included an affidavit from Sherrod's trial counsel and a document signed by Sherrod acknowledging that he had been "fully advised by [his] lawyer" of the consequences being found guilty by a jury and not cooperating with the government. See [D.E. 125-2, 125-3].

On April 13, 2010, this court denied Sherrod's section 2255 motion and denied a certificate of appealability. See [D.E. 133]. On March 7, 2011, the Fourth Circuit denied a certificate of appealability and dismissed his appeal. See United States v. Sherrod, 415 F. App'x 452, 453 (4th Cir. 2011) (per curiam) (unpublished).

On December 6, 2011, Sherrod filed a motion for a writ of coram nobis. See [D.E. 151]. Sherrod also sought relief under 18 U.S.C. § 3582(c)(2) [D.E. 154, 160]. Section 3582(c)(2) authorizes the court to modify the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Sherrod argues that the Fair Sentencing Act of 2010 ("FSA") and Amendments 750 and 759 to the Sentencing Guidelines made him eligible for a sentence reduction on counts one and two. On February 4, 2013, Sherrod filed a petition under 28 U.S.C. § 2241 challenging, pursuant to Simmons, his mandatory life sentence on counts one and two. See [D.E. 156].

On January 23, 2014, this court denied relief under 18 U.S.C. § 3582(c), the FSA, and Amendments 708 and 759. See [D.E. 170]. As for Sherrod's petition for a writ of habeas corpus

3

pursuant to 28 U.S.C. § 2241, Sherrod argued that, after Simmons, the two North Carolina "felony drug offense[s]" that triggered his mandatory life sentence on counts one and two are no longer felonies under federal law. See 21 U.S.C. §§ 841(b)(1)(A), 851; [D.E. 38]; see also 21 U.S.C. § 802(44)(defining "felony drug offense" as a drug offense "that is punishable by imprisonment for more than one year" under any federal or state law).

In his section 2241 petition, Sherrod asks the court to "vacate his sentence, and resentence him in accordance with the correct interpretation of the meaning of a felony." Mem. Supp. Writ of Habeas Corpus [D.E. 156-1] 4; see Miller v. United States, 735 F.3d 141, 144–47 (4th Cir. 2013); Simmons, 649 F.3d at 244–50; see also Snead v. United States, No. 3:12-cv-125-GCM, 2013 WL 6850115, at *1–4 (W.D.N.C. Dec. 30, 2013) (unpublished); Henderson v. United States, No. 5:11-cv-147-RLV, 2013 WL 6709729, at *2–4 (W.D.N.C. Dec. 18, 2013) (unpublished); Lattimore v. United States, No. 5:12-cv-128-RLV, 2013 WL 6246378, at *2–4 (W.D.N.C. Dec. 3, 2013) (unpublished); cf. United States v. Powell, 691 F.3d 554, 557–60 (4th Cir. 2012). Based on the government's section 851 notice [D.E. 38], paragraphs 18 and 19 of the Presentence Investigation Report, and Sherrod's submissions [D.E. 151-7, 151-8], if Simmons applies retroactively to Sherrod's case, Sherrod would not now be subject to a mandatory life sentence on counts one and two. Nonetheless, a life sentence on counts one and two would not exceed the statutory maximum sentence for count one or count two. See 21 U.S.C. § 841(b); PSR ¶ 10.

In this court's January 23, 2014 order [D.E. 170], the court noted that a federal prisoner may use section 2241 only if a motion under 28 U.S.C. § 2255 would be "inadequate or ineffective." 28 U.S.C. § 2255(e); see, e.g., Rice v. Rivera, 617 F.3d 802, 806–08 (4th Cir. 2010) (per curiam); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000); In re Vial, 115 F.3d 1192, 1194–98 (4th Cir. 1997) (en banc). Furthermore, the court's order noted that Sherrod already filed one section 2255 motion,

4

which this court denied [D.E. 133] and the Fourth Circuit declined to review. See Sherrod, 415 F. App'x at 453. Furthermore, absent authorization from the Fourth Circuit, this court lacks subject-matter jurisdiction to consider another section 2255 motion from Sherrod. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); Felker v. Turpin, 518 U.S. 651, 657 (1996); Farrow v. Revell, 54 F. App'x 327, 328–29 (4th Cir. 2013) (per curiam) (unpublished); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Moreover, the court's order noted that Sherrod appeared to need to seek relief under section 2241 in the United States District Court for the district in which he is in custody, and he had to name the warden as respondent. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 434–43 (2004); Wales v. Whitney, 114 U.S. 564, 570–74 (1885); United States v. Poole, 531 F.3d 263, 264–71 (4th Cir. 2008).

The court then ordered Sherrod's counsel to tell the court where Sherrod was incarcerated. See [D.E. 170] 7. On January 24, 2014, the court received notice that Sherrod was incarcerated in federal prison in South Carolina. See [D.E. 172]. On January 27, 2014, the court transferred Sherrod's section 2241 petition to the United States District Court of South Carolina. See [D.E. 173]; 28 U.S.C. § 2241(b). In doing so, the court made no ruling on the jurisdiction of the transferee court under Fourth Circuit precedent to consider the section 2241 petition, see Rice, 617 F.3d at 806–07, or on the viability under Fourth Circuit precedent of Sherrod's attempt to use the savings clause in 28 U.S.C. § 2255(e) and section 2241 to attack his sentence, as opposed to his conviction. See [D.E. 173].

After this court transferred the action to the District of South Carolina, Sherrod moved for reconsideration and noted that the parties waived any venue argument. See [D.E. 180] 2–3; [D.E. 201] 2–3; Kanai v. McHugh, 638 F.3d 251, 255 (4th Cir. 2011). The parties also advised the court that no substantive proceedings have taken place in the District of South Carolina. The court then

5

held the case in abeyance pending the Fourth Circuit's decision in Surratt. After the Fourth Circuit decided Surratt, the parties asked the court to hold the case in abeyance pending possible en banc proceedings in Surratt. See [D.E. 201] 3–4; [D.E. 203] 1–4.

In light of the parties' agreement to waive the right to challenge Sherrod's motion based on venue and because no substantive proceedings have occurred in the District of South Carolina, the court grants the motion for reconsideration and reverses its decision to transfer the case to the District of South Carolina. As for the parties' request to hold the case in abeyance pending possible en banc proceedings in Surratt, the court notes that Sherrod's section 2241 motion has been pending for over two years. In Surratt, the Fourth Circuit held that the district court lacked subject-matter jurisdiction to consider Surratt's request for relief from his mandatory life sentence under 28 U.S.C. § 2241 and Simmons. See Surratt, 797 F.3d at 246–69. Furthermore, the government's supplemental brief and Sherrod's supplemental brief concede that Surratt controls the jurisdictional issue in this case. See [D.E. 201] 2; [D.E. 203] 2–4. Nonetheless, the government and Sherrod ask this court to hold Sherrod's section 2241 motion in abeyance pending possible en banc proceedings in Surratt. See [D.E. 201] 4; [D.E. 203] 3–4.

Surratt controls the outcome of this court's subject-matter jurisdiction. If the Fourth Circuit wants to hold Sherrod's case in abeyance pending its disposition of any request for en banc review in Surratt, it may do so. This court, however, declines to continue to hold this long-pending case in abeyance. Thus, the court declines to hold this case in abeyance and dismisses Sherrod's section 2241 petition for lack of subject-matter jurisdiction. See Surratt, 797 F.3d at 246–69.

II.

In sum, the court GRANTS Sherrod's motion for reconsideration [D.E.180] and REVERSES the decision to transfer this case to the United States District Court of South Carolina. Nonetheless,

6

the court DISMISSES Sherrod's section 2241 petition for lack of subject-matter jurisdiction and DENIES the parties' requests to hold the case in abeyance pending possible en banc proceedings in Surratt. Finally, the court DENIES a certificate of appealability, but notifies the Fourth Circuit that if it reverses Surratt en banc, then this court believes that it would have subject-matter jurisdiction to resentence Sherrod on counts one and two. Cf. 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

SO ORDERED. This _2_ day of October 2015.

JAMES C. DEVER III
Chief United States District Judge